IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE HUNT, | No. C 12-2470 CW |
| Plaintiff, | ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |
| v. | |
| UNITED STATES PAROLE COMMISSION, | |
| Defendant. | |

Plaintiff Tyron Hunt files an application for leave to proceed in forma pauperis (IFP). The matter was decided on the papers. Having considered all of the papers filed by Plaintiff, the Court grants the application to proceed IFP and dismisses the complaint.

DISCUSSION

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. See 28 U.S.C. § 1915(a). Plaintiff has submitted the required documentation, and it is evident from his application that his assets and income are insufficient to enable him to prosecute the action. Accordingly,

the application to proceed without the payment of the filing fee is granted.

The Court's grant of Plaintiff's application to proceed IFP, however, does not mean that he may continue to prosecute his complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Plaintiff appears to allege that, because the United States Parole Commission is not mentioned in the United States Constitution, its authority to incarcerate or rehabilitate a person violates the Eighth Amendment of the Constitution. Based on this allegation, Plaintiff seeks the abolishment of the Parole Commission and one million dollars in punitive and monetary damages.

Even construed liberally, Plaintiff's allegation fails to

2

state a claim upon which relief can be granted.  Furthermore, amendment would be futile.  Therefore, the complaint is dismissed without leave to amend.

    IT IS SO ORDERED.

Dated: 6/12/2012

CLAUDIA WILKEN
United States District Judge